UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHERINE J. HOOT, personal representative of the Estate of Alexander T. Aneiro (deceased),<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF VETERANS AFFAIRS; MANN-GRANDSTAFF VA MEDICAL CENTER; and JOHN AND JANE DOES 1 - 10,<br><br>Defendants. | NO: 2:22-CV-0280-TOR<br><br>ORDER OF DISMISSAL |

BEFORE THE COURT is Defendant's Motion to Dismiss. ECF No. 4. Plaintiff has filed no response to the motion, timely or otherwise. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the briefing that has been filed, and is fully informed.

Defendants seek dismissal because: (1) the suit is time barred pursuant to 28 U.S.C. § 2401(b); (2) the Department of Veterans Affairs, the Mann-Grandstaff

ORDER OF DISMISSAL ~ 1

VA Medical Center and John and Jane Does Nos. 1-10 are not amenable to suit; (3) Plaintiff has failed to allege sufficient facts to state a claim of medical malpractice; (4) Plaintiff fails to allege sufficient facts to support a *res ipsa loquitur* claim; (5) Plaintiff fails to allege sufficient facts to support an Abuse of Vulnerable Adults Act claim ("AVAA"); and (6) Plaintiff's corporate negligence claim is not cognizable under the Federal Tort Claims Act ("FTCA"). Defendants also pointed out Plaintiff is not entitled to a jury trial nor attorney fees. ECF No. 4.

## DISCUSSION

### I.  Federal Tort Claims Act Statute of Limitations

The Federal Tort Claims Act requires that a plaintiff meet two limitation periods. "A claim must be filed with the agency within two years of the claim's accrual, and the claimant must file suit within six months of administrative denial of the claim. If either requirement is not met, suit will be time barred." *Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir. 1984); *see also* 28 U.S.C. § 2401(b) (requiring plaintiff to commence action within six months of a denial letter).

Here, Plaintiff's tort claim was administratively denied on January 2, 2022. ECF No. 5 at 2, ¶ 4 (denial letter). Consistent with 28 U.S.C. § 2401(b), the denial specifically informed Plaintiff that she had six months to file a lawsuit in federal court. ECF No. 5-1 at 2. The present suit was not filed until November 15, 2022, more than eleven months after the denial of the administrative tort claim. ECF No.

ORDER OF DISMISSAL ~ 2

1. Accordingly, Plaintiff cannot meet her burden to show the present suit was timely filed, and thus it must be dismissed.

## II.    Naming Defendants not Amenable to Suit

Under the doctrine of sovereign immunity, "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "[T]he United States is the only proper party defendant in an FTCA action." *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998); *see also* 28 U.S.C. § 1346(b)(1) ("jurisdiction of civil actions on claims against the United States, for money damages"); 28 U.S.C. § 2679(a) ("The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency [under the FTCA].").

As a result, Defendants Department of Veterans Affairs, the Mann-Grandstaff VA Medical Center, and "John and Jane Does Nos. 1-10" are dismissed with prejudice.

## III.    Insufficient Facts to State a Medical Malpractice Claim

Even if this action were timely filed, the Complaint fails to allege sufficient facts to support a medical malpractice claim.

ORDER OF DISMISSAL ~ 3

To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard set by Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The FTCA waives the United States' sovereign immunity from suit for personal injury or death caused by the negligent or wrongful act or omission of a United States employee acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). Under Washington law, a plaintiff must prove the following elements for a medical malpractice claim based on a failure to follow the standard of applicable care: (1) "[t]he health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at the time in the profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances" and (2) the "failure was a proximate cause of the injury complained of." RCW 7.70.040.

Plaintiff alleges Mr. Aneiro underwent a hernia surgery at Mann-Grandstaff VA Medical Center on October 10, 2017. ECF No. 1 at 3, ¶ 4.6. On November

22, 2017, Mr. Aneiro went to Providence Emergency Room in Spokane when he was not feeling well because Mann-Grandstaff VA Medical Center was closed. *Id.* at 4, ¶¶ 4.7–4.9. A doctor at Providence diagnosed Mr. Aneiro with a thoracic aortic aneurysm ("TAA") and arranged for Mr. Aneiro to be transported to Seattle via Lifeflight helicopter. *Id.*, ¶¶ 4.11–4.12. A doctor in Seattle indicated that TAA "takes a long period of time to develop". *Id.*, ¶ 4.16. Mr. Aneiro died on November 24, 2017. *Id.*, ¶ 4.17. Plaintiff alleges the Mann-Grandstaff VA Medical Center failed to diagnose and treat Plaintiff, wherein the staff was the actual and proximate cause of Mr. Aneiro's death. *Id.*, ¶ 4.18.

Plaintiff failed to articulate an interaction with a particular medical provider at Mann-Grandstaff VA Medical Center who may be found to have failed to provide the applicable standard of care. Plaintiff's conclusory statement regarding a failure to diagnose is insufficient to survive a motion to dismiss. Accordingly, this claim is dismissed.

**IV.    Insufficient Facts to Support a *Res Ipsa Loquitur* Claim**

Plaintiff claims the doctrine of *res ipsa loquitur* applies to this case. ECF No. 1 at 6. In Washington, the doctrine of *res ipsa loquitur* is applicable only when the evidence shows:

> (1) the accident or occurrence producing the injury is of a kind which ordinarily does not happen in the absence of someone's negligence, (2) the injuries are caused by an agency or instrumentality within the exclusive control of the defendant,

ORDER OF DISMISSAL ~ 5

    and (3) the injury-causing accident or occurrence is not due to
    any voluntary action or contribution on the part of the
    plaintiff.

*Pacheco v. Ames*, 149 Wash. 2d 431, 436 (2003) (quotation and citation omitted).

  Even if this action were timely filed, Plaintiff's conclusory allegations are insufficient under a *res ipsa loquitur* analysis. This claim is dismissed.

### V. Insufficient Facts to Support an Abuse of Vulnerable Adult Claim

  Even if this action were timely filed, Plaintiff fails to provide sufficient factual allegations to show Plaintiff's claim qualifies under AVAA, RCW 74.34.200. There are insufficient factual allegations showing the VA hospital is a "facility" under the AVAA act and that Congress waived sovereign immunity with respect to this state statute. *See* 28 U.S.C. § 2671; RCW 74.34.020. Plaintiff has not alleged the necessary elements of an AVAA claim. This claim is dismissed.

### VI. Corporate Negligence is not Cognizable under the FTCA

  Even if this action were timely filed, the FTCA did not waive the United States' sovereign immunity against institutional (corporate) defendants. In *Adams v. United States*, 420 F.3d 1049 (9th Cir. 2005), the Ninth Circuit held the terms "person" and "employee of the government" used in 28 U.S.C. § 2671 do not include institutions such as corporations. The United States cannot be liable under the FTCA when a plaintiff's claim is based on state law that would only hold a corporation - and not an individual person - liable. This claim is also dismissed.

ORDER OF DISMISSAL ~ 6

### VII. Opportunity to Amend

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28 U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Here, Plaintiff has counsel and did not respond to the motion to dismiss nor ask for an opportunity to amend. Most importantly, this suit is time barred. Amendment would be futile. Therefore, the Court dismisses Plaintiff's Complaint with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant's Motion to Dismiss, ECF No. 4, is **GRANTED**.
2. All claims and causes of action in this matter are **DISMISSED** with prejudice.

The District Court Executive is hereby directed to enter this Order and Judgment accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED February 21, 2023.

THOMAS O. RICE
United States District Judge