UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHERINE J. HOOT, personal representative of the Estate of Alexander T. Aneiro (deceased),<br><br>                  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA; DEPARTMENT OF VETERANS AFFAIRS; MANN-GRANDSTAFF VA MEDICAL CENTER; and JOHN AND JANE DOES 1 - 10,<br><br>                Defendants. | NO: 2:22-CV-0280-TOR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration. ECF No. 9. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed.

## BACKGROUND

Plaintiff filed this lawsuit on November 16, 2022. ECF No. 1. On January

ORDER DENYING MOTION FOR RECONSIDERATION ~ 1

20, 2023, Defendant filed its Motion to Dismiss. ECF No. 4. Plaintiff never responded to the Motion to Dismiss. Defendant filed a Reply on February 15, 2023. ECF No. 6. Plaintiff never responded. On February 21, 2023, the Court granted the Motion to Dismiss and entered Judgment accordingly. ECF Nos. 7 and 8.

Exactly 28-days later, Plaintiff filed a Motion for Reconsideration. ECF No. 9. Plaintiff contends:

> "Plaintiff's undersigned counsel, who normally practices before the U.S. District Court for the Western District of Washington (Seattle), mistakenly believed that March 13, 2022 was a Friday because all dispositive motions in the Western District of Washington are noted for Friday wherein responses are due on the Monday prior to the hearing date. This was admittedly incorrect, that aside, Plaintiff's counsel's Paralegal properly inputted the date on undersigned counsel's tickler using Clio Case Management software. During a weekly case conference, she advised undersigned counsel that she received a tickler notice to respond to a motion to amend the pleadings set for March 13, 2023 on date Plaintiff's response was due in the Eastern District of Washington. I informed her because this was not a Motion to Amend the Pleading, the tickler notice was inaccurate. Upon review of the tickler, it stated last day to file response to Amend/Motion to Dismiss. Unfortunately, due to my unfamiliarity with this new case management software we transitioned to, the timely response was an admittedly an oversight by undersign counsel that Plaintiff's asks, to prevent a manifest injustice, that the Court allow Plaintiff time to Respond and vacate the February 21, 2023 order and judgment due to judicially recognized inadvertence and ex"

ECF No. 9 at 4-5.

ORDER DENYING MOTION FOR RECONSIDERATION ~ 2

# DISCUSSION

## I. Federal Rule of Civil Procedure 60(b)(1) Standard

Rule 60(b)(1) of Civil Procedure provides that a court may relieve a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect.

The Supreme Court held in *Pioneer Investment Services Company v. Brunswick Associates Ltd. Partnership* that "excusable neglect" covers negligence on the part of counsel. It then said that the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the party; and (4) whether the party acted in good faith. *See Pioneer*, 507 U.S. 380, 395 (1993). The factors recited in *Pioneer* are not exclusive, but they "provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000). Under *Pioneer*, the correct approach is to avoid any *per se* rule. *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (*en banc*). The Ninth Circuit leaves the weighing of *Pioneer's* equitable factors to the discretion of the district court in every case. *Id*.

The Supreme Court also observed that "clients must be held accountable for

the acts and omissions of their attorneys." *Pioneer*, 507 U.S. at 396. The Supreme Court also recounted its prior holding:

> "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'"

*Pioneer*, 507 U.S. at 397 (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962)). The Supreme Court found "no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client." *Link*, 370 U.S. at 633. Consequently, . . . the proper focus is upon whether the neglect of respondents and their counsel was excusable. *Pioneer*, 507 U.S. at 397.

Here, Plaintiff's counsel "mistakenly believed" he was practicing in the Western District of Washington. Additionally, counsel was unfamiliar with his firms' "new case management software" even though "it stated last day to file response to Amend/Motion to Dismiss". Counsel attributes the error to "an oversight by undersign (sic) counsel".

While this error in never filing a response to the motion to dismiss could be attributable to a "mistake, inadvertence, surprise, or excusable neglect", the Court must analyze whether this neglect is excusable under the four factors the Supreme

ORDER DENYING MOTION FOR RECONSIDERATION ~ 4

Court has articulated.

The danger of prejudice to the opposing party is primarily the amount of time that has passed and the loss of witnesses' memory.  This factor neither supports nor detracts from a finding that the neglect was excusable.  Even if Plaintiff were able to respond, the response would be futile as discussed below.

The length of the delay and its potential impact on the proceedings neither supports no detracts from the analysis except as discussed above.

The reason for the delay, including whether it was within the reasonable control of the party weighs against a finding of excusable neglect.  Plaintiff received the motion to dismiss, it was calendared and yet, counsel failed to timely respond for weeks.

Whether the party acted in good faith in this case weighs against a finding of excusable neglect.  Rather than bring this to the attention of the Court and opposing counsel, Plaintiff waited until the 28th day after judgment was entered to file a motion for reconsideration.  Not properly reading the calendared deadline also weighs in favor of not finding excusable neglect.

Overall, the factors the Court must consider do not support a finding of excusable neglect.

II.     **Futility of Reopening Case so a Response Could be Filed**

In the alternative, the Court finds that it would be futile to grant Plaintiff's

ORDER DENYING MOTION FOR RECONSIDERATION ~ 5

motion for reconsideration. Plaintiff has filed her argument as to why this case is timely. None of the reasons given are applicable to this case.

First, Plaintiff contends that the Supplemental Jurisdiction Statute, 28 U.S.C. § 1367, allows 30 additional days to file a complaint. Plaintiff is wrong. Section 1367 allows a district court that already has original jurisdiction to exercise jurisdiction to all other claims that are so related to claims in the action that they form part of the same case or controversy. This action is purely a Federal Tort Claims Act (FTCA) case and no other claims allow implementation of the 30 days after dismissal to file in state court. 28 U.S.C. § 1367(d). The FTCA case is not tolled by its prior dismissal under this statute so that it can once again be filed in federal court. Plaintiff's citation to *Artis v. D.C.*, 138 S. Ct. 594 (2018), supports the Court's reading of the statute, not Plaintiff's misinterpretation.

Plaintiff's citation to *Escobedo v. Applebees*, 787 F.3d 1226 (9th Cir. 2015) is not applicable to this case and does not support Plaintiff's argument.

Second, Plaintiff's first suit was properly dismissed for failure to serve timely. *See Wei v. State of Hawaii*, 763 F2d 370 (9th Cir. 1985); *Townsel v. Contra Costa County*, 820 F.2d 319 (9th Cir. 1987).

Finally, Plaintiff has failed to show any justification for equitable tolling of the statute of limitations to allow this case to be filed over 11-months after the administrative denial. The Supreme Court held that 28 U.S.C. § 2401(b)'s time

ORDER DENYING MOTION FOR RECONSIDERATION ~ 6

limits are subject to equitable tolling, but none of Plaintiff's reasons support this Court in finding for equitable tolling. *See United States v. Wong*, 575 U.S. 402 (2015). Counsel has failed to show due diligence.

Filing a complaint and never serving it upon the United States does not toll the statute of limitations nor support a finding of equitable tolling. The desire to amend the complaint before service does not constitute good cause for failure to serve. *See Wei*, 763 F.2d at 372 ("Wei's desire to amend his complaint before effecting service does not constitute good cause. Wei has not attempted to explain how he 'was delayed in amending the Complaint.' Moreover, he could have amended the original complaint after serving it upon the defendants. Fed.R.Civ.P. 15(a).")

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Reconsideration, ECF No. 9, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel. The file remains **CLOSED**.

DATED April 7, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION ~ 7